UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ROBEL H. RODRIGUEZ, | ) | CASE NO. 1:10 CV 2830 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| J. T. SHARTLE, et al., | ) | |
| | ) | |
| Respondents. | ) | |

      Robel Hernandez Rodriguez originally filed this action in the United States Court of Appeals for the Sixth Circuit. See Rodriguez v. Shartle, No. 10-0315 (6th Cir. filed Oct. 10, 2010). The Sixth Circuit determined that, although petitioner was seeking a court Order designating him a United States National, it was solely to establish eligibility to participate in prison rehabilitative programs. Instead of dismissing the matter based on a lack of jurisdiction, however, the Sixth Circuit transferred the case to this court pursuant to 28 U.S.C. § 1631.

      Now before the court is the pro se petitioner's above-captioned "Request for Review under 8 U.S.C. § 1252(b)(5)(A)." Mr. Rodriguez was incarcerated at the Federal Correctional Institute at Elkton (F.C.I. Elkton) in Elkton, Ohio when this petition was filed. See Rosales-Garcia

v. Holland, 322 F.3d 386, 395 n. 6 (6th Cir.2003) (en banc)(custody is considered only at the time the petition is filed). He names F.C.I. Elkton Warden J.T. Shartle and United States Attorney General Eric Holder as respondents. Claiming he is a National of the United States, he challenges the Bureau of Prisons'(BOP) decision to classify him as an alien. The designation has rendered him ineligible to participate in rehabilitative programs at F.C.I. Elkton.

*Background*

Mr. Rodriguez entered the United States on or about March 4, 1973 as a lawful permanent resident. His wife and three children are citizens of the United States.

On June 13, 2008, petitioner filed an Application for Naturalization. An appointment for an interview with the U.S. Citizenship and Immigration Services (USCIS) in Newark, New Jersey was scheduled for July 10, 2008. At that time, Mr. Rodriguez was fingerprinted and "cleared" by the FBI. Within two weeks, a sealed indictment was filed in the United States District Court for the Southern District of New York. See United States v. Rodriguez et al , No. 1:08cr0670 (S.D. NY filed July 22, 2008). The indictment was unsealed on August 13, 2008, revealing Mr. Rodriguez was charged with conspiracy to commit health care fraud in violation of 18 U.S.C. §§1347 and 1349. He was released on bond the same date.

An interview was conducted between USCIS Officer Mirels and Mr. Rodriguez on October 20, 2008. The Naturalization Interview Results, Form N-652, indicate Mr. Rodriguez passed the English, U.S. History and government tests, but a decision could not be made regarding his application. A Notice, dated November 28, 2008, advised him of a "Re-Interview" scheduled for February 27, 2009.

On January 16, 2009, Mr. Rodriguez pleaded guilty to Health Care Fraud and

Conspiracy to Commit Health Care Fraud. By his own admission, he did not appear for his scheduled interview with the U.S. Citizenship and Immigration Services on February 27, 2009. Instead, on that date, the USCIS issued a Decision to deny his application for naturalization. It determined Mr. Rodriguez was ineligible for naturalization based on a "Lack of Good Moral Character." He was advised of his right to request a review hearing within 30 days of the date of the notice and that "[i]f no request for a hearing is filed within the time allowed, this decision is final." (Pl.'s Ex. E. at 1.) He does not allege he requested a review hearing.

Mr. Rodriguez was sentenced by the United States District Court for the Southern District of New York on June 5, 2009 to serve 18 months in prison. Since his imprisonment, he complains the BOP has failed to designate him as a U.S. National. As a result, he is not eligible for rehabilitation programs which would allow an earlier release date. He claims he has unsuccessfully requested reassignment to a different security classification, but the BOP continues to designate him as an alien.

*Analysis*

Asserting this Court's jurisdiction pursuant 8 U.S.C. §1252(b)(5), Mr. Rodriguez seeks a determination that he is a naturalized citizen of the United States. Citing the statutory definition of a national as one who owes allegiance to the United States, 8 U.S.C. §1101(a)(22), he asserts he is clearly meets the qualifications. He notes that he pledged his allegiance to the United States on his Application for Naturalization. Based strictly on this declaration, Mr. Rodriguez believes he is a naturalized citizen who being denied the privileges of that status by the BOP.

*Initial Review*

This matter is before the court for initial screening. 28 U.S.C. § 2243; Harper v.

3

Thoms, No. 02-5520 2002, WL 31388736, at *1 (6th Cir. Oct. 22, 2002). At this stage, allegations in the petition are taken as true and liberally construed in petitioner's favor. Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir. 2001). As Mr. Rodriguez is appearing pro se, his petition is held to less stringent standards than those drafted by attorneys. Burton v. Jones, 321 F.3d 569, 573 (6th Cir.2003); Hahn v. Star Bank, 190 F.3d 708, 715 (6th Cir.1999). For the reasons set forth below, however, the petition lacks merit and is denied.

*8 U.S.C. §1252*

The statute under which Mr. Rodriguez filed this action provides exclusive jurisdiction to the Court of Appeals

> If the petitioner claims to be a national of the United States and the court of appeals finds from the pleadings and affidavits that no genuine issue of material fact about the petitioner's nationality is presented, the court shall decide the nationality claim.

8 U.S.C. § 1252(b)(5)(A). The relevant portion of the statute that he overlooked, however, states that the provision only applies "to review of an order of removal under subsection (a)(1) of this section." Id. at §1252(b). That subsection limits judicial review to a final order of removal. At the time Mr. Rodriguez filed this action in the Court of Appeals, he was neither subject to nor challenging a final order of removal. Instead, he sought the court's intervention to declare him a U.S. National and render him eligible for programs that would allow him early release.

Because this matter did not involve a nationality challenge under a final order of removal, the Sixth Circuit transferred Mr. Rodriguez' case to this Court based on 28 U.S.C. § 1631, which provides:

> Whenever a civil action is filed . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631. The appeals court transferred the matter to this Court recognizing it involved claims Mr. Rodriguez "could have been brought [in the district court] at the time it was filed." Id.

*28 U.S.C. §2241*

Claims seeking to challenge the execution or manner in which sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. See Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)). Thus, where as here, Mr. Rodriguez seeks an order releasing him from custody sooner than his original term of imprisonment, habeas relief is appropriate. Further, this Court does have personal jurisdiction over his custodian. See Roman v. Ashcroft, 340 F.3d 314, 319 (6th Cir. 2004)(proper custodian for purposes of habeas review is the warden of the facility where he is being held).

Federal prisoners are required to first exhaust administrative remedies before filing a habeas corpus petition under 28 U.S.C. § 2241. Little v. Hopkins, 638 F.2d 953, 953-954 (6th Cir.1981). It appears Mr. Rodriguez unsuccessfully attempted to exhaust his claims through the administrative process. (Pl.'s Ex. F.) He alleged he was erroneously denied the status of a U.S. National, rendering him ineligible for rehabilitation programs to which he believed he was entitled. On October 7, 2010, a BOP staff member responded to his request for transfer to a half way house.

5

The staff member advised Mr. Rodriguez that he had been verbally notified several times that his residential rehabilitation center (RRC) placement would not be changed.

Without question, the underlying claim lacks merit. BOP classification procedures are within the discretion of the Attorney General, as delegated to the Director of the BOP. 18 U.S.C. § 4081; 28 C.F.R. § 0.96. See e.g., Peck v. Hoff, 660 F.2d 371 (8th Cir.1981). As a matter of law, claims based on classification procedures do not state constitutional claims. See Moody v. Daggett, 429 U.S. 78, 88 n.(1976)(noting that prison classification and eligibility for rehabilitative programs in federal system are matters delegated by Congress to discretion of federal prison officials and thus implicate "no legitimate statutory or constitutional entitlement").

Finally, there are no facts alleged that suggest the BOP mistakenly classified Mr. Rodriguez. There is no dispute his application for naturalization was denied by the USCIS on February 27, 2009. The opportunity to challenge that decision passed without Mr. Rodriguez timely filing the requisite administrative challenge. While nationality claims can be asserted under 8 U.S.C. § 1252(b)(5), the Sixth Circuit has determined, and this Court has already explained, that it lacks jurisdiction to make that decision in this context. Moreover, several circuit courts have held that an individual cannot become a noncitizen national simply by demonstrating permanent allegiance to the United States. See Abou-Haidar v. Gonzales, 437 F.3d 206, 207 (1st Cir. 2006); Marquez-Almanzar v. INS, 418 F.3d 210, 216 (2d Cir.2005); Sebastian-Soler v. U.S. Attorney General, 409 F.3d 1280, 1285-87 (11th Cir.2005), cert. denied, 547 U.S. 1055 (2006); Salim v. Ashcroft, 350 F.3d 307, 309-10 (3d Cir.2003); Perdomo-Padilla v. Ashcroft, 333 F.3d 964, 972 (9th Cir.2003).

*Conclusion*

Based on the foregoing, this petition is dismissed pursuant to 28 U.S.C. § 2243.  The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated: May 10, 2011                                             *s/     James S. Gwin*
                                                                JAMES S. GWIN
                                                                UNITED STATES DISTRICT JUDGE